IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORDIDA
ORLANDO DIVISION

JUDITH DEMERITT,

    Plaintiff,

vs.

KIM BARROWS AND WAL-MART
STORES EAST, LP.,

    Defendants.
_____/

Case No.

State Case No. 2019-CA-004075-O

**DEFENDANT, WAL-MART STORES EAST, LP.'S, NOTICE OF REMOVAL AND FRAUDULENT JOINDER AND INCORPORATED MEMORANDUM OF LAW**

Defendant, WAL-MART STORES EAST, LP. (hereinafter "Wal-Mart East"), pursuant to 28 U.S.C. §1332, §1441 and §1446, and Local Rule 4.02 of this Middle District, Orlando Division, hereby file this Notice of Removal of an action filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (hereinafter "State Court"), titled *Judith Demeritt v. Kim Barrows and Wal-Mart Stores East, LP.,* Case No.: 2019-CA-004075-O, and as grounds for removal states as follows:

**JURSDICTIONAL BACKGROUND AND TIMELY REMOVAL**

1.    Judith Demeritt, a Florida citizen, has brought a cause of action against Defendant, Wal-Mart East, a limited partnership and citizen of Arkansas and Delaware, and the fraudulently joined Defendant, Kim Barrows (hereinafter "Barrows"), Store Manager of the Subject Wal-Mart and a Florida citizen, in the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida, bearing case number 2019-CA-004075-O.

2.    Plaintiff brings a tort claim seeking recovery for bodily injury and resulting "pain and

suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition in the past and into the future." **See paragraph 11 of Plaintiff's Complaint.**

3. Plaintiff's first Complaint, filed on or about April 1, 2019, sued the improper Wal-Mart entity, Wal-Mart Stores, Inc.

4. The first Complaint was served on the improper Wal-Mart entity, Wal-Mart Stores, Inc., on or about April 9, 2019, and on Defendant Barrows on or about April 20, 2019.

5. An Amended Complaint identifying the proper entity for suit, Defendant Wal-Mart East, was deemed filed August 9, 2019, pursuant to the State Court's Order on Plaintiff's Motion for Leave to File First Amended Complaint with that same date.

6. Accordingly, removal is timely under 28 U.S.C. §1446(c) as this Notice of Removal is being filed less than 1 year after commencement of the action.[1]

7. Further, Defendant Wal-Mart East has not waived its right to remove this case as it has not litigated the State Court claim. Its pending Motion to Dismiss has not been set for hearing and only basic discovery was conducted to ascertain the amount in controversy not apparent on the face of Plaintiff's Complaint. *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244 (11th Cir. 2004) (holding that Defendant did not waive its right to removal where the defendant "did not schedule a hearing on his motions to dismiss prior to seeking removal and the state court had not ruled on his motions to dismiss prior to his removing the case").

8. Finally, Defendant has requested removal from the Orange County, Ninth Circuit,

state court to the appropriate federal district court, the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1441(a) (case shall be removed to the district court for the district and division where the state-court action is pending).

9. This removal does not operate as a waiver of any available defenses to Defendant Wal-Mart or act as an admission of any of the allegations of Plaintiff's state court complaint not already admitted.

10. In accordance with 28 U.S.C. §1446 and Local Rule 4.02, a reproduction of the contents of the Circuit Court file number 2019-CA-004075-O is attached hereto as **"Composite Exhibit A."**

11. A copy of the JS 44 Civil Cover Sheet is attached hereto as **"Exhibit B."**

12. A copy of the FRCP 7.1 Disclosure Statement is attached hereto as **"Exhibit C."**

13. Pursuant to §28 U.S.C. 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a Notice will also be filed with the Ninth Judicial Circuit in and for Orange County, Florida, a copy of which is attached hereto as **"Exhibit D."**

## GROUNDS FOR REMOVAL

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because Defendant Wal-Mart East has determined that the amount in controversy exceeds $75,000 in light of Plaintiff's Answers to Interrogatories and, once this Court disregards the fraudulently joined Defendant, Barrows, all parties will be citizens of different states.

15. At the time of the filing of Plaintiff's Complaint, this case was not removable on its face because 1) Plaintiff had fraudulently joined Defendant Barrows and because 2) Plaintiff's

---

[1] Whether this Court looks to the filing of the original Complaint (April 1, 2019) or the Amended Complaint (August 9, 2019).

Complaint merely sought damages in excess of $15,000.00. *Fleming v. Colonial Stores, Inc.*, 279 F. Supp. 933, 934 (N.D. Fla. 1968) (holding defendant's removal timely where the original complaint "merely stated jurisdictional amount for the state court" and defendant sought removal within thirty days of receiving plaintiff's interrogatory answers, which specifically asserted amounts in excess of the jurisdictional amount for federal court, further finding that plaintiff's deposition, taken before the interrogatory answers were filed, was insufficient to trigger removal, stating "the Court here cannot equate plaintiff's deposition concerning her physical ailments with her specific monetary claim").

16. On December 20, 2019, Defendant first received the "other paper" necessary to determine that the amount in controversy clearly exceeded the $75,000.00 threshold provided by 28 U.S.C. 1332. *See* U.S.C. §1446(b); *Del Rio v. Scottsdale Ins. Co.*, 2005 WL 3093434 at *3 (Fla. M.D. 2005) ("[b]y the plain language of the statute, the test for whether an action must be removed within thirty (30) days of the receipt of the initial pleading is whether the initial pleading indicates that the case is removable") (emphasis added).

17. That "other paper" was Plaintiff's Answers to Interrogatories, wherein Plaintiff disclosed that she had incurred $107,690.47 in medical expenses. **See Plaintiff's Answer to Interrogatory #16, attached hereto as "Exhibit E"**; *see also Siciliano v. Target Corp.*, 2014 WL 12461368 at *3 (S.D. Fla. 2014) (finding the threshold met, where Plaintiff had accumulated more than $200,000.00 in medical expenses); *see also, Fleming*, 279 F. Supp. at 934 (finding "amount in controversy" met based on claimed amounts in plaintiff's interrogatories); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014) (a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; a statement "short and plain" need not contain evidentiary submissions).

18. Accordingly, pursuant to 28 U.S.C. §1446(b)(3), Defendants hereby timely file this Notice of Removal within thirty (30) days from the receipt of this "other paper," which provided support for the amount in controversy and created federal jurisdiction.

19. Further, the undersigned, as counsel for both Defendants, represents that Wal-Mart East and Barrows consent to this Notice as per *Jasper v. Wal-Mart Stores, Inc.*, 732 F.Supp. 104, 105 (Fla. M.D. 2003). However, Barrows' consent is not necessary as she is a fraudulently joined party.

20. The sole barrier to seeking federal jurisdiction, then, is the apparent non-diversity of the parties as required under 28 U.S.C. § 1332(a).

21. Certainly, Defendant, Wal-Mart East, was not a citizen of Florida at the time of the initial state court filing or now.[2] *Carden v. Arkoma Associates*, 110 S.Ct. 1015 (1990) (holding that a limited partnership is a citizen of each state in which any of its partners is a citizen).

22. If it were solely Defendant Wal-Mart East and Plaintiff, diversity jurisdiction would be clearly met pursuant to 28 U.S.C. § 1332(a).

23. However, Plaintiff has fraudulently joined Defendant Barrows, a Florida citizen both at the time of the initial state court filing and now, solely to avoid federal jurisdiction.

---

[2] Wal-Mart Stores East, LP is a limited partnership organized under the laws of Delaware with its principal place of business in Arkansas. The sole general partner of Wal-Mart Stores East, LP is WSE Management, LLC. The sole limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC. Wal-Mart Stores East, LP has no partners other than WSE Management, LLC and WSE Investment, LLC. WSE Management, LLC is a Delaware limited liability company with its principal place of business in Arkansas. The sole member of WSE Management, LLC is Wal-Mart Stores East, LLC. WSE Investment, LLC is a Delaware limited liability company with its principal place of business in Arkansas. The sole member of WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc. Wal-Mart Stores, Inc. is a foreign corporation, organized under the laws of Delaware and with its principal place of business in Arkansas. Wal-Mart Stores, Inc. is therefore a citizen of Delaware and Arkansas, but not of Florida. Wal-Mart Stores East, LLC is a citizen of Arkansas and Delaware but not of Florida. As Wal-Mart Stores East, LLC is the only member of WSE Management, LLC and WSE Investment, LLC, both of those entities are citizens of Delaware and Arkansas, but not of Florida. Thus, Wal-Mart Stores East, LP is not a citizen of the state of Florida because none of its partners are citizens of Florida.

Case 6:20-cv-00089-PGB-GJK Document 1 Filed 01/16/20 Page 6 of 10 PageID 6

24. When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. *Siciliano v. Target Corp.*, 2014 WL 12461368 at *1 (S.D. Fla. 2014) *citing Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011).

25. Here, Plaintiff has done just that. There is no possibility that Plaintiff can maintain a cause of action against Defendant Barrows.

26. Accordingly, this Court must ignore her presence as a defendant and deny any motion to remand.

27. By ignoring the fraudulently joined party, this Court should find that the Notice is timely, complete diversity of citizenship exists, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this Court has federal diversity jurisdiction and removal is appropriate.

WHEREFORE, Defendants respectfully request that this action, filed in the Circuit Court of Polk County, Florida, be removed to the United States District Court, Middle District of Florida, Tampa Division.

## MEMORANDUM OF LAW

Plaintiff has fraudulently joined Defendant Barrows solely to avoid federal jurisdiction. A party is fraudulently joined "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). To determine whether Plaintiff fraudulently joined Defendant Barrows, this

Court must look upon "plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. A T & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Certainly, "[t]he burden of establishing fraudulent joinder is a heavy one." *Id.*

However, "[t]he potential for legal liability must be reasonable, not merely theoretical." *Kalit v. Target Corp.*, 2019 WL 423318 at *2 (M.D. Fla. 2019) (internal citations omitted) (holding that the store manager was fraudulently joined when Target submitted uncontroverted evidence that the store manager did not witness the accident, lacked any personal knowledge of the accident, and there was nothing in the record to support "even an inference that she [the store manager] had prior knowledge of any unsafe condition"). Factual controversies are resolved in a plaintiff's favor only if they exist; if a defendant produces an uncontroverted affidavit as to the facts, the court cannot find in plaintiff's favor based solely upon unsubstantiated allegations from the complaint. *Boyd v. Petco Animal Supplies Stores, Inc.*, 2018 WL 4360621 at *1 (M.D. Fla. 2018) (*relying on Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005)).

The *Boyd* case is instructive. There, the plaintiff sued Petco and the store manager at the time of the incident, Connie LeBlanc, for injuries sustained from a slip and fall. *Id.* In determining that the manager was fraudulently joined, the court relied on the standard set forth in *White v. Wal–Mart Stores, Inc.*, 918 So. 2d 357 (Fla. 1st DCA 2005) that "a corporate official must have committed or participated in the tort" in order to be individually liable. *Id.* at *2. In *Boyd*, the plaintiff had alleged conclusory allegations of negligence against LeBlanc related to her role as a manager and, in the motion to remand, stated that "once discovery is permitted, the evidence...will show that the liquid that caused Ms. Boyd to fall was as a result of employees who failed to clean a wet aisle and failed to

properly warn her of same." *Id.*

Conversely, LeBlanc submitted a declaration in which she denied being informed "of any defects on the floor at the time of Boyd's accident; having knowledge that the floor had a defect or dangerous condition; being in the area before or at the time of Boyd's accident; seeing or hearing about anyone suffering any injury prior to the incident; and participating in the events leading up to the incident or engaging in tortious conduct." *Id.* Given those uncontroverted facts, the court did not entertain the "unsupported allegations and speculation that discovery will reveal a possible claim against LeBlanc." *Id.* Accordingly, the court dismissed the claim against LeBlanc, held that complete diversity had been met, and noted that "this appears to be a run of the mill slip and fall case in which the store manager individually has no liability." *Id.* at *3.

Similarly, in *Kalit*, the Middle District found a store manager fraudulently joined under *White v. Walmart* where: 1) plaintiff had alleged that the store manager, Suheily Figueroa, "failed to properly hire, train and supervise the employees on duty the day [Kalit] slipped and fell inside the retail store;" where 2) plaintiff had stated in deposition that the store manager "admitted to her that the substance was caused by an employee of the store for which Figueroa had supervisory responsibilities for at the time of the fall;" and 3) the store manager had signed the incident report. *Kalit*, 2019 WL 423318 at *3. The Middle District found crucial that, in spite of the conflicting testimony between plaintiff and the store manager, "whether Figueroa personally played any role in Kalit's accident is not one of the facts in dispute based on their testimony." *Id.*

Said cases are nearly identical to the instant one. Plaintiff has only alleged conclusory statements of the law that Store Manager Barrows failed to follow corporate policies, train her employees, have adequate staffing, or the like, all in an effort to avoid federal jurisdiction. **See**

**Count II of Plaintiff's Complaint.** Just like the Plaintiffs did in *Boyd* and *Kalit*, Plaintiff here makes boilerplate allegations of negligence and administrative negligence against Defendant Barrows.

In support of its fraudulent joinder claim, Defendants hereby produces the Affidavit of Kim Barrows, a copy of which is attached hereto and incorporated as **"Exhibit F."** Ms. Barrow's affidavit establishes that:

- Ms. Barrows was not physically present at the subject Wal-Mart at the time of Plaintiff's accident;
- Ms. Barrows has no personal knowledge of Plaintiff's accident;
- Ms. Barrows had no notice of any alleged hazards which may have caused Plaintiff's accident; and
- Ms. Barrows had no personal involvement in Plaintiff's accident.

Based upon the foregoing and based upon the reasoning in *Boyd* and *Kalit*, Defendants have shown that Plaintiff has fraudulently joined Kim Barrows, solely to avoid federal jurisdiction. Defendant Barrows did not personally participate in the events giving rise to Plaintiff's accident or witness Plaintiff's accident. Thus, this Court should ignore the presence of Defendant Barrows and deny any motion to remand the matter back to state court.

WHEREFORE, Defendants respectfully request that this action, filed in the Circuit Court of Orange County, Florida, be removed to the United States District Court, Middle District of Florida, Orlando Division.

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that on this date I mailed the foregoing document by mail to: Nicholas P. Panagakis, Esquire, Morgan & Morgan, P.A., 20 North Orange Avenue, 9th Floor P.O. Box 4979, Orlando, FL 32802-4979, npanagakis@forthepeople.com; mwatts@forthepeople.com; and Varun Ramnarine, Esquire, Morgan & Morgan, P.A., 20 N. Orange Ave, Suite 1600, Orlando, FL 32801, VRamnarine@forthepeople.com; sallred@forthepeople.com; wgilreath@forthepeople.com.

Katherine E. McKinley, Esquire
Florida Bar No.: 0495719
ZIMMERMAN, KISER & SUTCLIFFE, P.A.
315 E. Robinson St., Suite 600 (32801)
P.O. Box 3000
Orlando, FL 32802
Telephone: (407) 425-7010
Facsimile: (407) 425-2747
Counsel for Defendants
Wal-Mart Stores East, LP
Kim Barrows
kmckinley@zkslawfirm.com
dlugo@zkslawfirm.com