IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT, IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO: 2019-CA-004075

JUDITH DEMERITT,

      Plaintiff,

vs.

KIM BARROWS AND WAL-MART
STORES EAST, LP,

      Defendants.
_____/

FILED IN OFFICE 8/12/2019
TIFFANY M. RUSSELL Clerk, Cir, Ct., Orange Co., FL
By _____ M _____ D.C.

## COMPLAINT

COMES NOW the Plaintiff, JUDITH DEMERITT, by and through the undersigned attorneys and sues the Defendants, KIM BARROWS AND WAL-MART STORES EAST, LP, and alleges as follows:

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2. Plaintiff is a natural person residing in Orange County, Florida.

3. Defendant, KIM BARROWS, is a natural person residing in Orange County, Florida.

4. At all times material to this action, WAL-MART STORES EAST, LP, is a foreign profit corporation licensed to do business in the State of Florida.

5. At all times material hereto, Defendant was the owner and in possession of that

certain business known as Wal-Mart Neighborhood Market # 2499 located at 8801 Conroy Windermere Road, Orlando, Orange County, Florida, said business being that of a retail/grocery store, open to the general public, including the Plaintiff herein.

6. On or about November 11, 2016, Plaintiff, JUDITH DEMERITT, visited Defendant's premises located at the above address as a business invitee.

## COUNT I
## CLAIM OF NEGLIGENCE AGAINST DEFENDANT, WAL-MART STORES EAST, LP

7. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 6 above, and further states:

8. At said time and place, Plaintiff, JUDITH DEMERITT, was a guest at WAL-MART STORES EAST, LP, as described above, lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for her safety to maintain their premises in a clean and safe condition for all of their business invitees, like the Plaintiff, JUDITH DEMERITT.

9. At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a slip or trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b) Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether the transitory foreign substance constituted a slip or trip hazard to pedestrians utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the

exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same;

d) Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j) Negligently engaging in a routine practice of business that was not the reasonable custom of the community;

k) Negligently failing to render aid to the Plaintiff after her fall and/or negligently rendering aid to the Plaintiff after her fall; and

l) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the relevant business community in and/or around where the subject incident occurred.

10. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a transitory foreign substance, sustaining injuries as set forth.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the

enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition in the past and into the future. The losses are either permanent or continuing and Plaintiff has already suffered from same in the past and, the Plaintiff will continue to suffer from these losses in the future.

WHEREFORE, the Plaintiff, JUDITH DEMERITT, sues the Defendant, WAL-MART STORES EAST, LP, for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs, and demands trial by jury on all issues so triable.

## COUNT II
## CLAIM OF NEGLIGENCE AGAINST DEFENDANT, KIM BARROW

12. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 6 above, and further states:

13. At all times material to this action Defendant, KIM BARROWS, was employed by Defendant, WAL-MART STORES EAST, LP, as a manager and was directly responsible for maintaining, managing, and operating the subject store and therefore is personally liable to Plaintiff. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); *Orlovsky v. Solid Surf*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981); *Nelson v. Boston Market Corporation*, 2017 WL 393870 Case No.: 8:16-cv-3355-T-24-TBM (MD Fla. Jan. 30, 2017).

14. At all times material to this action, Defendant, KIM BARROWS, was directly responsible for executing Defendant, WAL-MART STORES EAST, LP's policies of store management and was personally involved in Defendant, WAL-MART STORES EAST, LP's previously described tortious conduct and is therefore personally liable to Plaintiff. *White*, 918

4

So. at 358; *Orlovsky*, 405 So. 2d at 1364; *Nelson v. Boston Market Corporation*, 2017 WL 393870 Case No.: 8:16-cv-3355-T-24-TBM (MD Fla. Jan. 30, 2017).

15. At all material times and by virtue of her position with Defendant, WAL-MART STORES EAST, LP, Defendant, KIM BARROWS, owed Plaintiff a non-delegable duty to maintain the store in a reasonably safe condition and to warn Plaintiff of any latent dangers in the store, or on its premises and for supervising the employees working at said premises to ensure that they reasonably and safely maintained, inspected, and cleaned the subject premises consistent and in compliance with the Defendant, WAL-MART STORES EAST, LP's policies and procedures.

16. At said time and place, Defendant, KIM BARROWS, breached her duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a slip or trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether the transitory foreign substance constituted a slip or trip hazard to pedestrians utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same;

   d) Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j) Negligently engaging in a routine practice of business that was not the reasonable custom of the community;

k) Negligently failing to render aid to the Plaintiff after her fall and/or negligently rendering aid to the Plaintiff after her fall;

l) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the relevant business community in and/or around where the subject incident occurred;

m) Failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to customers by failing to repair or authorize repair of the floor of the premises;

n) Failing to adequately warn Plaintiff of the dangerous conditions that he knew or should have known of;

o) Failing to adequately remedy the dangerous condition of the flooring or otherwise repair it;

p) Failing to properly train his employees in adequately remedying the flooring and/or failing to properly supervise them in maintaining the same;

q) Failing to properly train his employees in adequately warning customers of the store's dangerous conditions, such as the flooring, through the proper placement of warning signs, and/or failing to properly supervise them in maintaining the same; and

r) Failing to alert Wal-Mart Stores East, LP of the store's dangerous condition in order to request and authorize repairs to the flooring.

17. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a transitory foreign substance, sustaining injuries as set forth.

18. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition in the past and into the future. The losses are either permanent or continuing and Plaintiff has already suffered from same in the past and, the Plaintiff will continue to suffer from these losses in the future.

WHEREFORE, the Plaintiff, JUDITH DEMERITT, sues the Defendant, KIM BARROWS, for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs, and demands trial by jury on all issues so triable.

RESPECTFULLY submitted this **13th** day of June, 2019.

/s/ *Nicholas P. Panagakis*

NICHOLAS P. PANAGAKIS, ESQUIRE
FBN: 0116777
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone Phone: (407) 420-1414
Facsimile: (407) 245-3393
Primary email: NPanagakis@forthepeople.com
Secondary email: mwatts@forthepeople.com
Attorneys for Plaintiff

Filing # 87268208 E-Filed 04/01/2019 02:49:26 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT, IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO:

JUDITH DEMERITT,

    Plaintiff,

vs.

KIM BARROWS AND WAL-MART
STORES, INC.,

    Defendants.    /

## COMPLAINT

    COMES NOW the Plaintiff, JUDITH DEMERITT, by and through the undersigned attorneys and sues the Defendants, KIM BARROWS AND WAL-MART STORES, INC., and alleges as follows:

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2. Plaintiff is a natural person residing in Orange County, Florida.

3. Defendant, KIM BARROWS, is a natural person residing in Orange County, Florida.

4. At all times material to this action, WAL-MART STORES, INC. is a foreign profit corporation licensed to do business in the State of Florida.

5. At all times material hereto, Defendant was the owner and in possession of that certain business known as Wal-Mart Neighborhood Market # 2499 located at 8801 Conroy Windermere Road, Orlando, Orange County, Florida, said business being that of a retail/grocery store, open to the general public, including the Plaintiff herein.

6. On or about November 11, 2016, Plaintiff, JUDITH DEMERITT, visited Defendant's premises located at the above address as a business invitee.

## COUNT I
## CLAIM OF NEGLIGENCE AGAINST DEFENDANT, WAL-MART STORES, INC.

7. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 6 above, and further states:

8. At said time and place, Plaintiff, JUDITH DEMERITT, was a guest at WAL-MART STORES, INC., as described above, lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for her safety to maintain their premises in a clean and safe condition for all of their business invitees, like the Plaintiff, JUDITH DEMERITT.

9. At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a slip or trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether the transitory foreign substance constituted a slip or trip hazard to pedestrians utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same;

   d) Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

   e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

   f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j) Negligently engaging in a routine practice of business that was not the reasonable custom of the community;

k) Negligently failing to render aid to the Plaintiff after her fall and/or negligently rendering aid to the Plaintiff after her fall; and

l) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the relevant business community in and/or around where the subject incident occurred.

10. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a transitory foreign substance, sustaining injuries as set forth.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition in the past and into the future. The losses are either permanent or continuing and Plaintiff has already suffered from same in the past and, the Plaintiff will continue to suffer from these losses in the future.

WHEREFORE, the Plaintiff, JUDITH DEMERITT, sues the Defendant, WAL-MART STORES, INC., for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs, and demands trial by jury on all issues so triable.

## COUNT II
## CLAIM OF NEGLIGENCE AGAINST DEFENDANT, KIM BARROW

12. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 6 above, and further states:

13. At all times material to this action Defendant, KIM BARROWS, was employed by Defendant, WAL-MART STORES, INC., as a manager and was directly responsible for maintaining, managing, and operating the subject store and therefore is personally liable to Plaintiff. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); *Orlovsky v. Solid Surf*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

14. At all times material to this action, Defendant, KIM BARROWS, was directly responsible for executing Defendant, WAL-MART STORES, INC.'s policies of store management and was personally involved in Defendant, WAL-MART STORES, INC.'s previously described tortious conduct and is therefore personally liable to Plaintiff. *White*, 918 So. at 358; *Orlovsky*, 405 So. 2d at 1364.

15. At all material times and by virtue of her position with Defendant, WAL-MART STORES, INC., Defendant, KIM BARROWS, owed Plaintiff a non-delegable duty to maintain the store in a reasonably safe condition and to warn Plaintiff of any latent dangers in the store, or on its premises and for supervising the employees working at said premises to ensure that they reasonably and safely maintained, inspected, and cleaned the subject premises consistent and in compliance with the Defendant, WAL-MART STORES, INC.'s policies and procedures.

16. At said time and place, Defendant, KIM BARROWS, breached her duty owed to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain the premises/flooring, thus creating a slip or trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

4

b) Negligently failing to inspect or adequately inspect the premises/flooring, as specified above, to ascertain whether the transitory foreign substance constituted a slip or trip hazard to pedestrians utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the premises/flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises/flooring was unreasonably dangerous and that Plaintiff was unaware of same;

d) Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flooring on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/flooring for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j) Negligently engaging in a routine practice of business that was not the reasonable custom of the community;

k) Negligently failing to render aid to the Plaintiff after her fall and/or negligently rendering aid to the Plaintiff after her fall; and

l) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the relevant business community in and/or around where the subject incident occurred.

17. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a transitory foreign substance, sustaining injuries as set forth.

5

18.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition in the past and into the future.  The losses are either permanent or continuing and Plaintiff has already suffered from same in the past and, the Plaintiff will continue to suffer from these losses in the future.

WHEREFORE, the Plaintiff, JUDITH DEMERITT, sues the Defendant, KIM BARROWS, for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs, and demands trial by jury on all issues so triable.

**RESPECTFULLY** submitted this **1st** day of April, 2019.

*/s/ Nicholas P. Panagakis*
_____
NICHOLAS P. PANAGAKIS, ESQUIRE
FBN:  0116777
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone Phone:  (407) 420-1414
Facsimile: (407) 245-3393
Primary email: NPanagakis@forthepeople.com
Secondary email: mwatts@forthepeople.com
Attorneys for Plaintiff